**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHN HENRY WILSON, aka Pete
Wilson; aka Uncle Pete; aka Pistol
Pete,

    Defendant-Appellant.

No. 97-8069
(Dist. of Wyoming)
(D.C. No. 96-CR-78-3)

## ORDER AND JUDGMENT[*]

Before **BRORBY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

Defendant John Henry Wilson appeals his convictions for conspiracy to
receive, possess, and transport stolen firearms in violation of 18 U.S.C. § 371 and
receipt and possession of stolen firearms in violation of 18 U.S.C. § 922(j).
Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738
(1967), noting his belief that there were no meritorious appellate issues and

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

requesting that this court allow him to withdraw from the case. Nevertheless, consistent with the dictates of *Anders*, counsel identified the following two arguments which Wilson wished to raise on appeal: (1) the testimony of three juvenile witnesses was insufficient to prove his guilt beyond a reasonable doubt; and (2) he did not receive a jury of his peers. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and, after due consideration and an independent review of the record, **grants** counsel's motion to withdraw and **affirms** Wilson's convictions.

As his first issue on appeal, Wilson asserts that he did not receive a fair trial by an unbiased jury of his peers. In his *Anders'* brief, defense counsel notes that he was also trial counsel and did not discern any irregularity in the jury selection. Counsel also notes that the sole ground upon which Wilson bases his claim of a biased jury is that Wilson was ultimately convicted. For its part, the United States asserts that Wilson waived any claim that the jury in his case did not represent a fair cross section of the community when he failed to object to the composition or selection of this jury prior to trial. We agree that Wilson has waived his dubious claim of irregularity in the jury selection process by failing to raise it in the district court. *See* 28 U.S.C. § 1867(a) (providing that any challenge to the selection process for petit juries must be made before voir dire examination begins); *United States v. Bedonie*, 913 F.2d 782, 794 (10th Cir.

1990) (holding that a claim or irregularity in the process of selecting a petit jury cannot be raised for the first time on appeal). Furthermore, although the record does not contain a transcription of the voir dire of potential jurors, an independent review of the entire record before this court on appeal reveals nothing that would suggest the jury here was anything but impartial.

Wilson also contends that the testimony presented to the jury was insufficient to prove his guilt beyond a reasonable doubt. This argument is without merit. "In reviewing the sufficiency of evidence to sustain a jury's guilty verdict, we examine the evidence in the light most favorable to the government in order to determine whether the evidence . . . together with all reasonable inferences to be drawn therefrom, is substantial enough to establish guilt." *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir. 1994) (quotations omitted). In conducting a review for sufficiency of the evidence, this court does not function as a jury but, instead, accepts the jury's resolution of conflicting evidence and resolves all credibility choices in favor of the jury's ultimate verdict. *United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir. 1997); *United States v. Horn*, 946 F.2d 738, 741 (10th Cir. 1991).

With the above standard in mind, Wilson's claim is easily resolved. Although Wilson testified at trial that he never agreed to transport stolen firearms and did not, in fact, transport any stolen firearms, the United States presented the

testimony of three juvenile witnesses to the contrary. The first witness testified that Wilson stood by while the stolen firearms were placed in his truck and that Wilson then got in his truck and drove away. The second witness testified that he overheard Wilson agree to take the stolen firearms to Denver. The third witness testified that he overheard Wilson agree to transport the stolen firearms to his residence. Furthermore, the testimony of the three juvenile witnesses was corroborated by the fact that the stolen weapons were discovered during the execution of a search warrant at Wilson's residence. Thus, although the testimony of the juveniles contradicted the testimony of Wilson, the jury obviously concluded that it was the juveniles, rather than Wilson, who were telling the truth. So credited, this evidence more than adequately proved the United States' case beyond a reasonable doubt.

The judgment of conviction is hereby **AFFIRMED**. Counsel's motion to withdraw pursuant to *Anders* is hereby **GRANTED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-